

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. 06-30029 |
| Plaintiff, | |
| vs. | |
| | MEMORANDUM OPINION |
| | and ORDER |
| JAMES BOWERS, JON BOWERS, | |
| KENT BOWERS, KURT BOWERS, and | (Discovery Motions) |
| KERWIN MILLER, | |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

A motion hearing was held in Sioux Falls, South Dakota on March 8, 2007, at which each of the Defendants personally appeared and was represented by their respective counsel, Clint Sargent, John Murphy, Mike Butler, and Pat Duffy. The Government was represented by David Zuercher and Kevin Koliner. Motions filed by Defendants include: (Docs. 139, 188–Jon Bowers); (Doc. 171–Kent Bowers); (Doc. 152, 196–James Bowers); (Doc. 176–Kurt Bowers).[1] The written motions and supporting briefs have been considered, as well as the oral arguments of counsel at the hearing.

## DISCUSSION

At the hearing, it became clear that some discovery issues have been resolved, but others have not. The issues that remain unresolved are these:

(1)     Defendants' desire to advance the date for the production of witness statements from the Friday before trial to 30 days before trial;

(2)     Defendants' desire to compel production of grand jury transcripts;

---

[1]The motion for joint trial with Cr. 06-30088 will be deferred for decision by Judge Piersol and Judge Kornmann.

1

(3)     Defendants' desire to compel production of summaries and investigative reports prepared by government agents; and

(4)     Defendants' desire to compel disclosure of expert reports prepared by IRS agents.[2]

The Government resists production of each category of information asserting that it has already furnished more documents[3] than required by law.  The Government asserts some of these matters were not addressed in the Defendants' written submissions and therefore constitute new, untimely motions.  That argument is rejected in favor of ruling on the merits of each issue.  The information sought by the Defendants in each of the categories listed above reasonably falls within the subjects raised by their timely motions.

**(1)     The Court Does Not Have Discretion To Require The Government To Produce Witness Statements Before The Witness Has Testified.**

The Jencks Act, 18 U.S.C. § 3500 states in relevant part:

(a)     In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery or inspection until said witness has testified on direct examination in the trial of the case.

Contrary to defendants' assertions at the hearing, courts do not have discretion to order witness statements to be furnished before the witness has testified if the Government is unwilling to do so.  United States v. White, 750 F.2d 726, 729 (8th Cir. 1984); United States v. McMillen, 489 F.2d 229, 230 (7th Cir. 1972).    That portion of Defendants' discovery motions which seeks to advance the date for the Government to furnish witness statements to the Defendants is **DENIED**.

On the other hand, although it is clearly established that Defendants have no right to require disclosure of the Government's witness list before trial pursuant to Fed. R. Crim. P. 16(a), the courts

---

[2]These four issues are fairly included within Defendant Kurt Bowers' Motion to Compel (Doc. 176).  Although each of the Defendants did not file a formal joinder in Defendant Kurt Bowers' motion to compel, all Defendants joined in the oral argument at the hearing and this ruling applies to all Defendants.

[3]Most documents have been electronically produced, while some have been produced in hard copy.

may, in their discretion, order pre-trial disclosure.  U.S. v. White, 750 F.2d 726, 728 (8th Cir. 1984).
Judge Kornmann's Scheduling Order directs that witness lists and proposed exhibit lists should be
submitted directly to the court not later than 4:00 P.M. on the business day before trial.

Nonetheless, the Government may be required to provide this information to Defendants at
an earlier date.    The Government shall, thirty days prior to trial, disclose  a list of witnesses,
including address, telephone number, and/or other contact information for each witness the
Government intends to call during its case-in-chief.  This case has been designated as a complex
case.  It has been represented by counsel both for the Government and for the Defense that the
volume of information available to be used at trial comprises approximately 1.6 million documents.
One of the Defendant's lawyers stated at the hearing that it would take at least thirty consecutive
days without sleep to examine each document for one second.  The case involves complex  off-
shore trusts, a large number of witnesses, and federal income tax regulations and calculations.
Potential witnesses are located in other states.  Additionally, the trial will be conducted in Aberdeen,
South Dakota, where none of the defense lawyers maintain an office. The ends of fairness and justice
would be served by allowing the Defendants a longer time to interview witnesses and to otherwise
prepare for trial after the list of *possible* witnesses has been narrowed down to list of *expected*
witnesses. Defendants' motions are **GRANTED** to the extent that the Government shall provide the
Defendants with a list of expected witnesses, along with addresses, telephone numbers and other
available contact information  thirty days  prior to trial.

**(2)    Grand Jury Transcripts.**

Defendants have  moved the court for an order compelling the United States to produce for
inspection by the Defendants the recorded testimony of each witness who testified before the grand
jury in this case.  Defendants assert the large volume of information and the complexity of the case
in support of their request.  They also cite United States v. Achtenberg, 459 F.2d 91, 96 (8th Cir.
1972) in support of their position.  In that case, hundreds of people were present at a demonstration
for which the defendant was indicted for starting a government building on fire.  Counsel disagreed
as to what constituted testimony favorable to the defendant (defendant construed the testimony of
witnesses who were present but did not see him carrying a torch favorable; the government construed
such witness testimony as negative.  Ultimately, the Government produced *some* grand jury

testimony of those who did not identify the defendant). Similarly in this case, the Defendants state that the Government asserts a far-reaching conspiracy involving persons from all over the country. They assert they cannot know without reviewing the grand jury transcripts whether witness testimony may be favorable to them or not.

In its response, the Government has agreed to provide the Defendants with grand jury transcripts which may constitute witness statements under the provisions of Rule 26.2 and the Jencks Act, 18 U.S.C. § 3500, no later than the Friday before trial. The United States also has agreed to provide the defendant with any grand jury materials or transcripts which constitute exculpatory information as required by the decision in Brady v. Maryland, 373 U.S. 83 (1963). Otherwise, the United States objects to the Defendants' motions.

In order to justify the disclosure of other grand jury materials, the Defendants must make a showing of "particularized need." Thomas v. United States. 597 F.2d 656, 658 (8th Cir. 1979). A defendant's bare allegation that the records of the grand jury are necessary to determine whether there is a defect in the grand jury process does not constitute a showing of particularized need. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994). The Defendants have not shown any particularized need for the disclosure of other grand jury proceedings.

Based upon these considerations, the Defendants' motions are **GRANTED**, in part, and the Government shall provide the Defendants with grand jury transcripts which may constitute witness statements under the provisions of Rule 26.2 and 18 U.S.C. § 3500 no later than the Friday prior to trial. The Government shall further provide the Defendants with any grand jury materials or transcripts which constitute exculpatory information as required by the decision in Brady v. Maryland, 373 U.S. 83 (1963). The balance of Defendants' motions regarding grand jury transcripts are **DENIED**.

**(3)    Summaries and Investigative Reports Prepared By Government Agents or Employees.**

Defendants wish to compel production of investigative reports prepared by Government agents or employees (specifically, IRS agents or employees). Fed. R. Crim. P. 16(a)(2) governs. The Rule provides:

> Except as rule 16(a)(1) provides otherwise, this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government reports,

4

memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case. Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500.

See also United States v. Robinson, 439 F.3d 777, 779-80 (8th Cir. 2006); United States v. Koskerides, 877 F.2d 1129, 1133-34 (8th Cir. 1989). None of the exceptions to which Rule 16(a)(1) refer are relevant to this discussion.[4] The documents at issue fall squarely within Rule 16(a)(2). The Rule plainly says these investigative reports and other internal government documents are not discoverable. Defendants' motion for disclosure of these documents is **DENIED**.

**(4)     Expert Testimony Under Rules of Evidence 702, 703, or 705.**

The Defendants assert that the amount the Government claims is due and owing pursuant to the Indictment was calculated by someone at the IRS, and that person's calculations should be disclosed pursuant to the rules governing expert testimony. The Government again argued this subject constituted a new, untimely motion. The issue will be decided on the merits. Once again, Fed. R. Crim. P. 16 governs.[5] In pertinent part Rule 16(a)(1)(G) provides:

> At the defendant's request, the government must give to the defendant a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial.
>
> ***
>
> The summary provided under this subparagraph must describe the witnesses's opinions, the bases and reasons for those opinions, and the witness's qualifications.

---

[4]The Defendants argue that statements which their accountants or other financial professionals may have given to government agents should be treated as their own statements, or as the corporate statements of Bowers Distillery (an S-Corporation) and are thus discoverable pursuant to Fed. R. Crim. P. 16(a)(1)(A), (B) or (C). Bowers Distillery is not a Defendant, so Rule 16(a)(1)(C) does not apply. Defendants have provided no authority, and none has been found, that in the absence of an organizational defendant, statements from persons who may have been employed by Bowers Distillery or the individual Defendants should be treated any differently from any other witness statements.

[5]At the hearing the court misdirected the discussion to the distinction between independently retained experts and in house experts. Rule 16 makes no such distinction.

At the hearing Defendants wished to take testimony from an Internal Revenue Service (IRS) agent who was in attendance. The asserted purpose was to inquire about the nature and extent of information and documents held by the IRS about each of the Defendants. Their request was construed as a request to take a discovery deposition, which is allowed only as described by Fed. R. Crim. P. 15.[6] Defendants' request was refused.

To the extent testimony will be given at trial by IRS agents about their calculations and reasons for them, however, the testimony is expert testimony subject to the provisions of Fed. R. Crim. P. 16(a)(1)(G) and Rule 702, 703, or 705 of the Federal Rules of Evidence. See United States v. Caswell, 825 F.2d 1228, 1235-36 (8th Cir. 1987)[7]; United States v. Marchini, 797 F.2d 759, 765-766 (9th Cir. 1986); United States v. King, 616 F.2d 1034, 1041 (8th Cir. 1980); United States v. Harris, 200 Fed. Appx. 472, 505 (6th Cir. 2006). [8]

If the government plans to introduce opinion evidence from IRS agents or employees at trial regarding the amount of taxes owed by the Defendants, the testimony will be governed by Rules 702, 703, and 705. Rule 16(a)(1)(G) requires the government to furnish a written summary of the opinion testimony it intends to use during its case-in-chief. The expert witness summary or summaries are distinguished from "IRS reports, memoranda, or internal documents" which the government is not being ordered to produce under this part of the discovery Order. Those documents, as they were discussed at the hearing, are not discoverable unless they are otherwise required to be produced under the principles of Brady or the Jencks Act. Brady v. Maryland, 373 U.S. 83 (1963); 18 U.S.C. § 3500.

---

[6]Rule 15 allows a party to take a deposition only from a prospective witness in order to preserve testimony for trial.

[7]The Government cites Caswell for the proposition that IRS agents testifying as to tax calculations are mere "summary witnesses." In Caswell, however, it is clear that the agent in question (Grass) had been qualified as an expert in the case. Id.

[8]That the IRS reports, memoranda and internal documents were deemed not discoverable in Robinson and Koskerides does not require a different conclusion regarding expert disclosure. It appears the discovery of the agents' raw notes and internal reports, rather than the disclosure of expert summaries, was at issue in those cases.

## CONCLUSION and ORDER

Based upon the foregoing, it is ORDERED:

(1)  Defendant James Bowers' Motions for Joinder (Doc. 152 and 196) are GRANTED;

(2)  Defendant Jon Bowers' Motion for Discovery (Doc. 139) is DENIED AS MOOT subject to reopening if discovery becomes disputed;

(3)  Defendant Jon Bowers' Motion for Joinder (Doc. 188) is GRANTED;

(4)  Defendant Kent Bowers' Motion for Discovery (Doc. 171) is DENIED AS MOOT subject to reopening if discovery becomes disputed;

(5)  Defendant Kurt Bowers' Motion to Compel Discovery (Doc. 176) is GRANTED in part and DENIED in part as discussed in the above Memorandum Opinion.

Dated this 15th day of March, 2007.

BY THE COURT:


John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By_____, Deputy
(SEAL)

7